

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2004

# Cardona v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2472

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Cardona v. Comm Social Security" (2004). *2004 Decisions.* Paper 830.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/830

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2472
_____

NELSON CARDONA,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 01-cv-04952)
District Judge:  Honorable Joseph A. Greenaway, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
April 1, 2004

Before:  ALITO, FISHER and ALDISERT, Circuit Judges.

(Filed : April 15, 2004)

_____

OPINION OF THE COURT
_____

FISHER, Circuit Judge.

Cardona appeals from an order of the district court granting summary judgment for

the Commissioner of Social Security and affirming the denial of his application for Social

Security benefits under Titles II and XVI of the Social Security Act ("Act"). *See* 42 U.S.C. §§ 401-434, 1381-1383(f).

The district court had jurisdiction pursuant to 42 U.S.C. § 405(g), which limits the scope of the district court's review to the Commissioner's final decision. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over questions of law, *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000), and review the decision of the Commissioner to determine whether it is supported by substantial evidence. *See Richardson v. Perales,* 402 U.S. 389, 390, 91 S.Ct. 1420, 1422 (1971).

The issue before the Court is whether the ALJ's findings regarding Cardona's impairments and his ability to return to work are supported by substantial evidence. Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (citations omitted). "We will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted).

For the reasons stated in the district court's opinion, we find that the Commissioner's decision was supported by substantial evidence and therefore we affirm.

Cardona was born on January 24, 1958, and completed the eighth grade. He was hit by a car while he was crossing the street on December 25, 1995. Prior to his injuries,

he had been employed in the restaurant industry as a dishwasher, as a gas station attendant, and as a machine operator in a metal factory. After the accident, Cardona completed extensive physical therapy.

Cardona filed a claim for Supplemental Income Benefits and Disability Insurance Benefits on April 23, 1996. The claim was initially denied by the Social Security Administration, and his claim was heard by an ALJ on December 11, 1997, and subsequently denied on March 24, 1998. The ALJ determined that while Cardona suffered from severe impairments, the impairments did not meet or surpass the level of severity of a listed impairment, that Cardona did not have any significant non-exertional limitations, and that based upon Cardona's age, education, past work experience, and residual functional capacity, he was capable of performing work existing in the national economy. Additionally, the ALJ found that Cardona's subjective complaints of pain were not supported by or consistent with objective medical evidence.

This decision was appealed to the Appeals Council which denied his request for review on March 5, 2001, and the ALJ's decision became the final decision of the Commissioner. Cardona sought review of the Commissioner's decision in the United States District Court for the District of New Jersey. The district court affirmed the Commissioner's decision on March 31, 2003.

There is substantial evidence to support all of the ALJ's findings. Cardona's subjective complaints of pain, muscle spasms, atrophy, loss of strength, decreased

3

reflexes, headaches and mental impairments were not supported by or consistent with objective medical evidence. The ALJ found that the subjective complaints lacked credibility. Cardona did not take prescription medicine and occasionally used over the counter pain remedies. Cardona had not seen a doctor for several months prior to the hearing before the ALJ. Cardona claimed he needed a cane. However, a doctor's examination revealed that Cardona could walk without a cane, although he had one in his hand. Cardona's physical therapist also stated that he could walk without a cane.

The ALJ additionally found that some of the conflicting medical opinions were inconsistent with the record as a whole, and the ALJ stated his reasons for disregarding these conflicting opinions.

After a review of the matter, exercising the appropriate standards of review, we have concluded that there is substantial evidence to support all of the ALJ's conclusions. We have no basis on which to reverse the opinion and order of the district court. Consequently, the order of March 31, 2003, will be affirmed.

_____